IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIJAH ISAIAH TAYLOR, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | No. 3:16-CV-149-N (BT) |
| § | | |
| LORIE DAVIS, *Director*, TDCJ-CID § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow.

I.

Before the Court is Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) [ECF No. 28]. For the following reasons, the Court recommends that the Motion be DENIED.

On January 19, 2016, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for capital murder and sentence of life in prison. *Texas v. Taylor*, No. F11-40599-K (4th Dist. Ct., Dallas County, Tex., Mar. 23, 2012). On March 9, 2017, the magistrate judge entered Findings, Conclusions, and a Recommendation that the petition be denied. On

March 20, 2017, Petitioner filed objections. On April 7, 2017, the District Court overruled the objections and denied the petition. Petitioner did not appeal.

On November 8, 2017, Petitioner filed a Rule 60(b)(6) motion, in which he argues the Court improperly denied his habeas petition because the Court applied the AEDPA deferential standard of review to his procedurally barred claims.

## II.

Under Rule 60(b)(6), the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b)(6) motion, however, is not a substitute for an appeal. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Relief under Rule 60(b)(6) is generally not available where a movant has failed to file an appeal, unless the movant shows exceptional circumstances. *See Carter v. Fenner,* 136 F.3d 1000, 1006 (5th Cir. 1998) (citing *Hoult v. Hoult,* 57 F.3d 1, 3 (1st Cir. 1995)); *Fackelman v. Bell,* 564 F.2d 734, 737 (5th Cir. 1977) (citations omitted) (recognizing that a Rule 60(b) motion "is not a substitute for appeal, and it is ordinarily not available to one who fails to appeal"). Here, Petitioner did not file a

direct appeal and has stated no reason for not raising his claim on appeal. He also does not explain why he waited seven months to file his Rule 60(b) motion. Petitioner has failed to show exceptional circumstances justifying relief under Rule 60(b)(6).

Additionally, Petitioner's claim is without merit. The magistrate judge's Findings, Conclusions, and Recommendation found the following claims procedurally barred: (1) the trial court failed to impanel twelve jurors; (2) the trial court failed to comply with article 36.27 of the Texas Code of Criminal Procedure; and (3) the trial court's application paragraph in the jury charge omitted the allegation "unlawfully." The Court found the claims barred because Petitioner failed to raise the claims on direct appeal, and the state habeas court relied on the procedural bar doctrine to dismiss the claims.

Petitioner complains that the Court improperly reviewed the state court's procedural default decision under the AEDPA deferential standard of review under 28 U.S.C. § 2254(d). Petitioner states that § 2254(d) only applies to claims that the state court considered on the merits. The Court, however, did not review Petitioner's defaulted claims under § 2254(d). Instead, the Court applied Supreme Court and Fifth Circuit precedent to find that federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto," or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*,

489 U.S. 255, 262 (1989); *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Petitioner's motion for relief from judgment should be denied.

III.

For the foregoing reasons, the Court recommends that Petitioner's Motion under Fed. R. Civ. P. 60(b)(6) [ECF No. 28] be DENIED.

Signed April 30, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).